# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MELANIE KLAMET, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | No. 16-2509-JWL |
| CAROLYN W. COLVIN, ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

This matter is before the court on the Commissioner of Social Security's (hereinafter Commissioner) Motion to Dismiss for Lack of Subject Matter Jurisdiction. (Doc. 13, 14). On July 19, 2016, Plaintiff filed a Complaint seeking judicial review of a decision of the Commissioner of Social Security denying Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits pursuant to Title II and Title XVI, respectively of the Social Security Act (the Act). (Doc. 1). The Commissioner filed her motion to dismiss instead of answering Plaintiff's Complaint, arguing that Plaintiff's Complaint was untimely because it was not filed within the 60-day limitations period for seeking judicial review of a decision of the Commissioner.

The Commissioner filed a "Declaration of Kathie Hartt," the Chief of the Court Case Preparation and Review Branch 2, wherein she affirms that when the Appeals

Council denied Plaintiff's Request for Review of the ALJ's decision, she provided notice that if Plaintiff wanted to seek judicial review she must file a civil action within 60 days of receipt of the Notice, and that in accordance with that Notice Plaintiff was required to file this case on or before July 18, 2016.  She affirms that there is no record Plaintiff sought an extension of the limitations period as allowed by the regulations.

The Commissioner argues that she has not waived the 60-day limitations period, that Plaintiff filed this action after the limitations period, and that there are no facts present in this case which would justify equitable tolling of that period.  Therefore, she argues that this court is without jurisdiction, and this case must be dismissed.

The Commissioner filed her motion on October 12, 2016, and in accordance with the Local Rules, Plaintiff was required to respond within 21 days, or by November 2, 2016.  D. Kan. R. 6.1(d)(2).  Plaintiff, who is represented by counsel before this court, has not responded to the Commissioner's motion.  Therefore, the court decides the Commissioner's motion as an uncontested motion, and may grant the motion without further notice.  D. Kan. R. 7.4(b).

As the Commissioner points out, the United States, as sovereign, is immune from suit except as it consents to be sued, and the terms of its consent define the court's jurisdiction to entertain the suit.  See Hercules Inc. v. United States, 516 U.S. 417, 422 (1996), (quoting United States v. Testan, 424 U.S. 392, 399 (1976), and United States v. Sherwood, 312 U.S. 584, 586-87 (1941)).  Waivers of sovereign immunity must be by specific statutory language.  See United States v. Idaho, 113 S.Ct. 1893, 1896 (1993).

The court's jurisdiction to decide a suit against the Social Security Administration is delimited by the Social Security Act.  Weinberger v. Salfi, 422 U.S. 749, 757-64 (1975).  Section 405(h) of the Act provides that "[n]o action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter."  Cordoba v. Massanari, 256 F.3d 1044, 1047 (10th Cir. 2001) (quoting 42 U.S.C. § 405(h)).

Weinberger instructs that section 405(g) is the exclusive basis for subject matter jurisdiction over Plaintiff's complaint. Section 405(h) precludes review of decisions of the Commissioner except as provided in the Act, which provision is made in section 405(g).  See Weinberger, 422 U.S. at 757.   Section 405(g), in turn, provides in relevant part that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."  42 U.S.C. § 405(g); see also Weinberger, 422 U.S. at 763–64 (setting forth section 405(g)'s requirements for judicial review).  On its face, then, section 405(g) specifies a statute of limitations period--it requires commencement of a

civil action within 60 days after the mailing of notice of the Commissioner's decision (or within such further time as the Commissioner may allow).

The Commissioner presents evidence that Plaintiff was provided notice of the denial of benefits and notice of how she might obtain judicial review of that denial. She presents evidence that Plaintiff did not seek an extension of time from the Commissioner to file her civil action, and she presents evidence that Plaintiff did not file this case within the limitations period. She also argues that there are no facts present in this case which would qualify this as a rare case in which equitable tolling is justified. Plaintiff has not responded to the Commissioner's motion, the court finds that this case was filed outside the limitations period, and its review of the record reveals no facts justifying equitably tolling the period. Therefore, the court finds that it is without jurisdiction to entertain this action.

**ACCORDINGLY, IT IS ORDERED** that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 13) is GRANTED and this case is DISMISSED.

Dated this 14th day of November 2016, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**